THE PEOPLE OF THE STATE OF NEW YORK on the Information of EDWARD DEUTSCH, Respondent, v. JAMES FANTI, Appellant.

First Department, November 19, 1937.

 

*C. Joseph Danahy,* for the appellant.

*Maurice H. Matzkin, Assistant Attorney-General,* of counsel [*Joseph A. McLaughlin, Assistant Attorney-General,* with him on the brief; *John J. Bennett, Jr., Attorney-General,* attorney], for the respondent.

UNTERMYER, J. The defendant was charged with the violation of section 387 of article 25-A of the General Business Law in that he " hindered, obstructed and otherwise interfered " with an inspector of the State Labor Department in the inspection of certain articles of bedding under the control of the defendant. At the time of the alleged offense the defendant, an employee of Fanti Export Co., Inc., was in control of a motor truck for his employer on which was loaded a quantity of mattresses and pillows. While the truck was standing in the public highway in front of premises No. 406 East Fourth street, borough of Manhattan, the inspector demanded that he be permitted to inspect the bedding which it contained. The defendant's conviction for the violation of the General Business Law resulted from his refusal to permit an inspection of the contents of the truck to be made under these circumstances. Section 387 of article 25-A of the General Business Law, so far as material, provides: " Every place where articles of bedding are made, remade or renovated, or materials therefor are prepared or sterilized, or where such articles or materials are sold, shall be subject to inspection by the commissioner who shall have power to inspect the manufacture and sale or delivery of all articles or materials covered by this article, to open and examine the contents thereof and power to seize and hold for evidence any article of bedding, in whole or in part, which he has reason to believe is made or sold or held in possession in violation of this article or of section four hundred and forty-six of the Penal Law. * * * No person shall interfere with, obstruct or otherwise hinder, any inspector, officer or employee of the division of bedding in the performance of his duties."

It is at once evident that both the places where inspection may take place and the purposes for which it may be conducted are carefully prescribed by the statute. The places are those where bedding is " made, remade or renovated, or materials therefor are prepared or sterilized, or where such articles or materials are sold." The matters concerning which inspection is authorized are " the manufacture and sale or delivery " of articles of bedding. The statute contains no authority to inspect articles of bedding except at the places *and* for the purposes enumerated. If, as the People now contend, articles of bedding are subject to minute

inspection at any place whatever for any of the purposes set forth in the statute, then there was no reason to prescribe with such particularity the places where an inspection might be made. The limitation was no doubt imposed because it was considered inexpedient or oppressive to permit such an inspection on public highways or in private homes. It follows that the defendant's refusal to submit to an inspection on a public thoroughfare did not constitute a violation of the statute.

The judgment should be reversed and the information dismissed.

MARTIN, P. J., and GLENNON, J., concur; DORE and CALLAHAN, JJ., dissent and vote for affirmance.

CALLAHAN, J. (dissenting). The authority granted by the statute to inspect *delivery* of goods covered by the article connotes a broader meaning than indicated in the prevailing opinion. To limit that authority to places where the goods are manufactured or sold eliminates from supervision many steps ordinarily included in deliveries as customarily made. Possession of the goods on a truck apparently in the course of delivery justified the making of an inspection. The conviction should be affirmed.

DORE, J., concurs.

Judgment reversed and the information dismissed.